United States District Court
Southern District of Texas
**ENTERED**
December 10, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RENE GONZALEZ-DAVILA, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | MISC. ACTION NO. 7:18-MC-1857 |
| | § | |
| ROBERT FARLEY, | § | |
| Respondent. | § | |

## REPORT & RECOMMENDATION

Petitioner Rene Gonzalez-Davila, a federal prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) Petitioner failed to pay the $5 filing fee required to proceed with a civil action at the time he filed his motion, and he thereafter failed to comply with orders directing him either to pay the filing fee or submit a properly-supported request to proceed *in forma pauperis*. For the reasons that follow, the undersigned recommends that this action be dismissed for failure to prosecute.

## BACKGROUND

On September 9, 2018, Petitioner initiated the pending miscellaneous action. (Dkt. No. 1 at 8.) Petitioner seeks relief under 28 U.S.C. § 2241 for (1) incorrect sentence calculations as Petitioner is not getting credit for time spent in prison before sentencing; (2) ineffective assistance of counsel for not correcting the sentence issue; and (3) not being included in a fast-track sentencing program. (*Id.* at 6-7.)

The undersigned entered multiple deficiency orders alerting Petitioner to his obligation to pay a filing fee under 28 U.S.C. § 1914. (Dkt. No.'s 3 & 4.) Petitioner was notified in each order that he must either pay the $5.00 fee or request to proceed *in forma pauperis*. The orders

were respectively issued on October 4, 2018 and November 7, 2018, and both set forth a 30-day deadline to comply with each order. (*Id.*) The last order had provided a deadline of December 7, 2018. (Dkt. No. 4.) Petitioner was also warned that "<u>failure to comply with [the orders seeking payment of the filing fee] could result in dismissal of this action.</u>" (Dkt. No.'s 3 & 4) (emphasis in original).

## ANALYSIS

Petitioner's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon the court's own motion or on motion by the opposing party. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party proceeding pro se, "'[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Petitioner has failed to comply with the relevant rules and to prosecute this action.

It should be advised that even if Petitioner had paid the filing fee, it appears this court lacks jurisdiction to hear Petitioner's habeas petition. Petitioner is currently incarcerated at Great Plains CI located in Hinton, Oklahoma.[1] "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 680 (5th Cir. 1999)). Because Petitioner is

---

[1] This information was obtained by the Federal Bureau of Prisons Inmate Locator using Petitioner's Register Number (07683-058). *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.

incarcerated in Hinton, Oklahoma, only the United States District Court for the Western District of Oklahoma has jurisdiction to hear Petitioner's § 2241 petition.

This action should be dismissed for failure to prosecute because Petitioner both failed to pay the filing fee and failed to comply with a court order. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming district court's dismissal of a § 2241 habeas action where the petitioner failed to comply with the court's orders by refusing to paying the required filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights action where the petitioner failed to comply with the court's order to pay a filing fee). It appears that no lesser sanction is available since Petitioner has taken no further action in this case.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Movant's § 2241 motion (Dkt. No. 1) by **DENIED**. Finally, it is recommended that Movant's §2241 motion (Dkt. No. 1) be **DISMISSED** without prejudice for failure to prosecute.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. The Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

A Petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [the court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold based on the facts as outlined above in regard to Petitioner's failure to pay the required fee or, in the alternative, failure to seek a waiver due to lack of funds, it is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Movant and counsel for Respondent.

**DONE** at McAllen, Texas, this 10th day of December, 2018.

Juan F. Alanis
United States Magistrate Judge